IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALVARO LOPEZ,

    Petitioner,

vs.                                        Case No. 4:14cv192-MW/CAS

JIM MARTIN, et al.,

    Respondents.

                            /

## REPORT AND RECOMMENDATION

On April 15, 2014, Petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, and subsequently paid the $5.00 filing fee on May 13, 2014, doc. 4. Petitioner alleged that he was taken into ICE custody on August 20, 2013, and indicates he has remained in custody since that date. Doc. 1 at 3. Petitioner is a native of Venezuela who entered the United States on January 22, 2005, with a visa. *Id.* Petitioner states that his deportation order was issued on September 20, 2011. *Id.* Petitioner seeks release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). *Id.* at 7, 28. He contends that because the

Venezuela consulate will not issue travel documents, it is not likely that he will be removed in the foreseeable future, and his continued detention is not authorized. *Id.* at 7.

At the time this case was initiated, Petitioner was detained at the Wakulla County Detention Facility. However, after review of the petition, an Order was entered on May 23, 2014, directing service of the petition on the named Respondents. Doc. 5. That Order has been returned to the Court as undeliverable to Petitioner on June 3, 2014. Doc. 6. The returned mail is stamped, "No Longer Here," "Return to Sender," and "Unable to Forward." *Id.* In an abundance of caution, the I.C.E. Online Detainee Locator System was reviewed and states that Petitioner is "Not In Custody."

It may be that Petitioner has already been removed from the United States, or it could be that Petitioner has been released from detention. Under either circumstance, Petitioner has been afforded the relief sought in this petition as he is no longer detained by I.C.E. No further judicial remedy is available and this case should now be dismissed as moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by **Alvaro Lopez**, doc. 1, be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.